UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20695-LEIBOWITZ

MARILYN ROLFS,

    *Plaintiff,*

v.

MSC CRUISES S.A.,

    *Defendant.*
_____/

**ORDER**

Before the Court is the Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion"), filed on September 23, 2024. [Mot., ECF No. 27]. Plaintiff Marilyn Rolfs ("Plaintiff") filed this lawsuit on February 22, 2024, against Defendant MSC Cruises, S.A. ("Defendant" or "MSC"). [ECF No. 1]. Plaintiff later filed a Second Amended Complaint on May 30, 2024, which this Court dismissed without prejudice on shotgun pleading grounds. [ECF Nos. 15, 21]. On September 9, 2024, Plaintiff filed a Third Amended Complaint, alleging two counts of negligence by Defendant. [Compl., ECF No. 25]. The Court has reviewed the Third Amended Complaint, the Motion, and is otherwise fully advised. For the reasons below, the Motion [ECF No. 27] is DENIED.

**I.    BACKGROUND**

Plaintiff was a guest on the MSC Seascape cruise ship vessel in April 2023. [Compl. ¶ 9]. While Defendant's vessel was in navigable waters, Plaintiff alleges she began walking from her cabin to the vessel's open dining area to get lunch. [*Id.*]. After lunch, as she left the dining area, Plaintiff slipped on a wet floor and fell. [*Id.*].

After Plaintiff's fall, while she was still on the floor, she observed a wet floor sign that was allegedly "misplaced" in a way that "failed to properly warn Plaintiff and others of the extent of the wet floor condition on Defendant's floor." [*Id.* ¶ 10]. Plaintiff was "unable to get up" following her fall, and "crew members came to her aid." [*Id.* ¶ 12]. Plaintiff overheard one crew member "acknowledge that the floor was still wet and directed another crew member to re- dry the area where Plaintiff fell." [*Id.*]. Plaintiff claims she "suffered a fractured left femur and had to remain in bed for the rest of her cruise[,]" due to her fall. [*Id.* ¶ 13].

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits," and is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)).

Consideration of a 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The court must accept as true all allegations contained in the complaint, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

### III.    ANALYSIS

Defendant argues that (1) Plaintiff has failed to plausibly plead personal jurisdiction over Defendant, and (2) Plaintiff failed to properly plead a negligence action against Defendant. [Mot. at 1, 4]. This Court disagrees with Defendant on both points.

#### A.    This Court has Personal Jurisdiction Over MSC

Defendant first moves to dismiss this action under Fed. R. Civ. P. 12(b)(2), claiming in a footnote that Plaintiff failed to plausibly plead general or specific personal jurisdiction over it. [Mot. at 1 n.1]. Defendant claims it is a foreign entity without its principal place of business in the United States, that the alleged injury did not occur within the United States, and that Plaintiff's ticket for the cruise ship contained a "forum selection clause for the Southern District of Florida[.]" [*Id.*]. However, these arguments fail.

To establish personal jurisdiction, a plaintiff must satisfy Florida's long-arm statute and show that jurisdiction complies with due process. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). Plaintiff pleads that Defendant has carried out business ventures in Miami-Dade County, Florida, operated vessels in the waters of the state of Florida, and was

subject to jurisdiction under General Maritime Law of the United States. [Compl. ¶¶ 3, 6, 7, 8]. These allegations, accepted as true, satisfy the long-arm statute. *See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1363 (11th Cir. 2006) (finding Florida's long-arm statute was satisfied where defendant conducted business in Florida); *see also* Fla. Stat. § 48.193(1)(a)(1) (2024). Additionally, Defendant concedes Plaintiff's ticket for the cruise ship contained a "forum selection clause for the Southern District of Florida[.]" [Mot. at 1 n.1]. This evidences Defendant's purposeful availment to this forum, further supporting the reasonableness of exercising personal jurisdiction. *See Company.com, LLC v. Cindi's Restaurant Corp.*, No. 22-cv-20863, 2022 WL 3344623, at *6 (S.D. Fla. Aug. 12, 2022) (holding that defendants' Florida choice of forum provisions established their purposeful availment of Florida).

Furthermore, while we are aware of the "unique burdens placed upon one who must defend oneself in a foreign legal system," *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 114 (1987), such burdens are inapplicable here as Defendant has appeared *regularly* before this Court in various matters. *See, e.g.*, *Francis v. MSC Cruises, S.A.*, 546 F. Supp. 3d 1258 (S.D. Fla. 2021), *aff'd*, 21-12513, 2022 WL 4393188 (11th Cir. Sept. 23, 2022); *Williams v. MSC Cruises, S.A.*, 23-civ-22340, 2024 WL 81346 (S.D. Fla. Jan. 8, 2024); *Havana Docks Corp. v. MSC Cruises SA Co.*, 484 F. Supp. 3d 1177 (S.D. Fla. 2020). Therefore, exercising jurisdiction over Defendant does not violate due process. *See Stubbs*, 447 F.3d at 1363–64.

Thus, it is clear beyond peradventure that this Court has personal jurisdiction over Defendant. *See Ship Const. & Funding Servs. (USA), Inc. v. Star Cruises PLC*, 174 F. Supp. 2d 1320, 1323–25 (S.D. Fla. 2001) (concluding personal jurisdiction over a non-resident defendant was proper due to sufficient minimum contacts).

### B.    Plaintiff Alleges Enough Facts to Support a Negligence Claim Against MSC

Plaintiff asserts two counts of negligence against Defendant: one for a "slipping hazard" and one for "failing to properly warn of [a] slipping hazard." [*See* Compl. ¶ 8–29]. Defendant argues these counts must be dismissed because Plaintiff does not allege any facts to support that Defendant actually or constructively knew of the dangerous condition. [Mot. at 2].

This action is governed by federal maritime law because Plaintiff's injury occurred on a ship sailing in navigable waters. *See Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710 (11th Cir. 2019). "In analyzing a maritime tort case, we rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (internal citation omitted). Therefore, to prevail on her maritime negligence claims, Plaintiff must prove that (1) Defendant had a duty to protect her from a particular injury; (2) Defendant breached that duty; (3) the breach actually and proximately caused her injury; and (4) she suffered actual harm. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015).

To establish that a defendant had a duty to a plaintiff, it must have "had actual or constructive notice of the risk-creating condition," which serves as "a prerequisite to imposing liability[.]" *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Actual notice arises when a "defendant knows of the risk creating condition and [a defendant is] on constructive notice when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Holland v. Carnival Corp.*, No. 20-civ-21789, 2021 WL 86877, at *2 (S.D. Fla. Jan. 11, 2021) (quotation marks omitted).

Defendant's Motion depends upon whether actual or constructive notice is pleaded sufficiently. [Mot. at 4]; *see Keefe*, 867 F.2d at 1322 (noting that liability "hinges on whether [a

5

defendant] knew or should have known about the [risk-creating condition]."). According to Defendant, Plaintiff's allegations regarding Defendant's knowledge of the subject area's dangerous condition are barebones and conclusory. [Mot. at 9]. Defendant argues Plaintiff fails to allege any facts regarding "substantially similar incidents" to the one at issue or facts indicating that the condition existed long enough to provide Defendant with notice. [*Id.*].

This Court disagrees. In her Third Amended Complaint, Plaintiff sufficiently alleges two facts that, when pleaded together, sufficiently plead that Defendant was put on notice of the dangerous condition in the area – (1) the existence of a "wet floor sign," and (2) Defendant's employee's acknowledgement of the wet floor and direction that it be re-dried. Plaintiff alleges Defendant had placed a "wet floor sign" in the subject area, which indicates Defendant's awareness of the hazard by reasonable inference. [Compl. ¶ 10]. A wet floor sign near the site of the alleged leak makes it plausible that Defendant was on notice of the dangerous condition. *See Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 722 (11th Cir. 2019) ("[A] cruise ship operator has notice of a condition–and thus a duty to warn–if a sign is posted on a ship warning about the condition.").

Defendant contends that Plaintiff's allegations regarding the presence of a warning sign are insufficient to establish notice, arguing they fail to show that the sign was intended to warn of the specific risk-creating condition. [Mot. at 10]. Defendant is correct that "[n]ot all warning signs will be evidence of notice[,]" as "there must also be a connection between the warning and the danger." *Guevara*, 920 F.3d at 721. In her Complaint, however, Plaintiff also alleges that "[she] heard a crew direct another crew member acknowledge that the floor *was still wet* and directed another crew member to re- dry the area where [she] fell." [Compl. at ¶ 22 (emphasis added)]. This allegation, accepted as true at this stage, not only establishes Defendant's actual notice of the specific dangerous condition but also provides the reasonable inference that the wet floor sign was

6

placed because of Defendant's prior knowledge of the wet floor and attempted remediation of the hazard. *See Carroll v. Carnival Corporation*, 955 F.3d 1260, 1265 (11th Cir. 2020) ("Evidence that a ship owner has taken corrective action can establish notice of a dangerous . . . condition."); *Guevara*, 920 F.3d at 721–22 (finding a "watch your step" warning was sufficiently connected to a danger posed by a small step down).

Defendant relies on *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022), to argue MSC lacked actual or constructive knowledge of the hazardous condition. [Mot. at 5–6]. However, *Holland* is distinguishable from this case. There, the plaintiff claimed to have slipped on a glass staircase but did not support the allegation of slip-and-fall incidents with specific facts. *Holland*, 2021 WL 86877 at *1–2. The court found these general allegations insufficient to establish notice. *Id.* Importantly, the ship in *Holland* lacked any warning signs or statements by employees suggesting the defendant's knowledge of the condition. *Id.* In this case, however, Plaintiff alleges Defendant placed a wet floor sign in response to the hazardous wet floor and that Defendant's employee acknowledged the floor was still wet and instructed another employee to re-dry the area. [*See* Compl. ¶ 10–12].

Defendant further cites *Holland* to argue that "it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five seconds, five minutes, or five hours." [Mot. at 6 (citing *Holland*, 2021 WL 86877 at *3)]. However, the allegation of an employee's direction to re-dry the area, combined with the wet floor sign, sufficiently demonstrates at the pleading stage that Defendant knew about the dangerous condition. *See Wiegand v. Royal Caribbean Cruises Ltd.*, No. 21-12506, 2023 WL 4445948, at *4 (11th Cir. July 11, 2023) ("[W]arning passengers about a danger posed by a condition can be evidence of notice[.]") (citations omitted).

Defendant also cites *Rosenberg v. NCL (Bahamas) Ltd.*, No. 22-civ-23642, 2023 WL 1466858 (S.D. Fla. Feb. 2, 2023) to argue Plaintiff's pleading lacks specific notice, claiming it could be "interchangeably alleged against any cruise line defendant." [ECF No. 27 at 8 (citing *Rosenberg*, 2023 WL 1466858 at *2)]. Yet, in *Rosenberg*, there were only general allegations of prior incidents without details on specific conditions, signage, or crew awareness. *See Rosenberg*, 2023 WL 1466858 at *1. There, the plaintiff failed to show how the defendant was on notice of the sauna's dangerous condition, offering only boilerplate claims that could have applied to any cruise line. *See id.* at *2–3.

Here, Plaintiff alleges the ship's crew discussed the wet floor near the sign, suggesting direct knowledge of the condition. [Compl. ¶ 12]. These specific allegations are far from generic and cannot be interchangeably argued against any cruise line. *Cf. Rosenberg*, 2023 WL 1466858 at *2 ("The Complaint provides no details supporting [plaintiff's] allegations that [defendants] knew or should have known of the [danger].").

Lastly, Defendant cites *Guevara* to argue that Plaintiff failed to connect the warning sign to the actual danger. *Guevara*, however, supports Plaintiff's position that a warning sign, combined with the crew member statements, suggests Defendant had knowledge of the specific hazard, and therefore a duty to Plaintiff. *Id.* at 722 (holding "a cruise ship operator has notice of a condition . . . if a sign is posted on a ship warning about the condition.").

For these reasons, Plaintiff has adequately pleaded a connection between the warning sign and the dangerous condition, establishing Defendant had actual notice of the risk-creating condition. Once on notice of the hazardous condition, Defendant had a duty to take reasonable measures to address the danger. As such, Plaintiff has alleged sufficient facts to support her negligence action. Therefore, the Motion to Dismiss is DENIED.

## IV.    CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** Defendant's Motion to Dismiss the Third Amended Complaint [**ECF No. 27**] is **DENIED.**

**DONE AND ORDERED** in the Southern District of Florida on November 19, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record